UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY A. MITCHELL,<br>    Petitioner,<br>  v.<br>ANTHONY HEDGPETH, warden,<br>    Respondent. | No. C 09-4831 MHP (pr)<br><br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

Corey A. Mitchell, currently incarcerated at Salinas Valley State Prison, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the habeas petition, Mitchell was convicted in Alameda County Superior Court of carjacking, assault with a semi-automatic firearm, kidnapping, and being a felon in possession of a firearm. Sentence enhancement allegations that he used a firearm in a felony and inflicted great bodily injury were found true. On February 6, 2006, he was sentenced to either 67 or 208 years to life in prison.

Mitchell appealed. His conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court in 2008. He then filed this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

In his petition, Mitchell alleges the following claims: First, he contends that trial counsel provided ineffective assistance of counsel in that she failed to investigate and present an alibi defense, failed to request a DNA expert, failed to move for a time waiver so that pretrial investigation could be done, failed to seek relief for alleged prosecutorial misconduct with regard to investigator Nelson, conceded the client's guilt as to some charges in her closing argument, failed to object to the sentence imposed, and had a conflict based on her refusal to meet with her client. Second, Mitchell alleges that his right to due process was violated because the evidence was insufficient to support the conviction on count 4 (kidnapping) in that there "was never any evidence that suggested that the gunman ever intended to take Ms. Grossman to facilitate the commission of the carjacking." Petition, p. 6-H. Third, he alleges that his right to due process was violated because the evidence was insufficient to support the conviction on count 13 (carjacking) in that Sarah Jackson was not the driver, passenger or possessor of the vehicle. Fourth, Mitchell alleges that the trial court's denial of his several Marsden motions denied him his rights to due process and to the assistance of counsel. See Schell v. Witek, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc). Liberally construed, the allegations are cognizable in a federal habeas action and warrant a response.

**CONCLUSION**

For the foregoing reasons,

1. The petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.

3. Respondent must file and serve upon petitioner, on or before **April 30, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of all portions of the state court record that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **June 4, 2010**.

5. Petitioner is responsible for prosecuting this case.  He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the filing fee.

IT IS SO ORDERED.

DATED:   February 23, 2010

Marilyn Hall Patel
United States District Judge

3