UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY A. MITCHELL, | No. C 09-4831 MHP (pr) |
|     Petitioner, | **ORDER** |
|     v. | |
| ANTHONY HEDGPETH, warden, | |
|     Respondent. | |

Respondent filed a motion to dismiss the habeas petition on the ground that state court remedies were not exhausted as to several subparts of petitioner's ineffective assistance of counsel claim. In response thereto, petitioner filed a motion to conduct discovery and for an extension of time to file his opposition to the motion to dismiss.

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. See Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. following § 2254, provides that the court "may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." The party requesting discovery must provide reasons for the request. Id. at Rule 6(b).

Mitchell states that he wants to obtain "all sealed portions of the record pertaining to petitioner's Marsden motions" in his superior court case. Motion For An Order Permitting Discovery, p. 1. He contends this will help show that he fairly presented part of his first ground for relief in state court, but does not explain how that is so. State court remedies are exhausted by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),

(c). The documents he seeks are not documents presented to the California Supreme Court or generated in that court. Showing what he did at the trial court level would not help him establish that he presented the subparts of his ineffective assistance of counsel claim to the state's highest court, the California Supreme Court. The motion for an order permitting discovery is DENIED because there is not good cause for the proposed discovery in connection with the motion to dismiss. (Docket # 11.)

Petitioner's ex parte application for an extension of time to file his opposition to the motion to dismiss is GRANTED. (Docket # 10.) Petitioner must file and serve on respondent's counsel his opposition to the motion to dismiss no later than **January 14, 2011**. Respondent must file and serve his reply brief (if any) no later than **January 28, 2011**.

Petitioner filed an affidavit (docket # 12) that complains about his limited legal research abilities. The court construes the affidavit to be a request that counsel be appointed to represent him in this action. A district court may appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See id. The interests of justice do not require appointment of counsel in this action. The request for appointment of counsel is DENIED.

IT IS SO ORDERED.

DATED: December 1, 2010

Marilyn Hall Patel
United States District Judge