UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

COREY A. MITCHELL,

    Petitioner,

    v.

ANTHONY HEDGPETH, Warden,

    Respondent.
    _____/

No. C-09-4831 EMC (pr)

**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE**

    Petitioner filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court ordered respondent to show cause why the petition should not be granted on four claims. Respondent moved to dismiss on the ground that state court remedies had not been exhausted for part of one claim, and petitioner opposed the motion. On May 4, 2011, the Court granted respondent's motion to dismiss the unexhausted ineffective assistance of counsel claim and ordered petitioner to choose whether he wanted to deal with the unexhausted claim by dismissing that claim, by dismissing the entire action or by requesting a stay so he could exhaust state court remedies.

    In response to the May 4, 2011 order, petitioner now moves for a stay and abeyance of this action so that he may exhaust state court remedies for the ineffective assistance of counsel claim. Respondent does not oppose the motion. In his motion, petitioner explains that, due to an oversight, he failed to identify the Sixth Amendment as the source of his ineffective assistance of counsel claim that was presented to the California Supreme Court. His ineffective assistance of counsel claim does not appear meritless and his failure to exhaust does not appear to be an intentional tactic to delay the proceedings. Liberally construed, the *pro se* motion satisfies the criteria identified in *Rhines v.*

*Weber*, 544 U.S. 269, 277-78 (2005), in which the Court explained that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Petitioner's motion to stay and hold these proceedings in abeyance is **GRANTED**. (Docket No. 20).

This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE** the action. Nothing further will take place in this action until petitioner exhausts his unexhausted claims and, within thirty days of doing so, moves to reopen this action and lift the stay. Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. *See id.; Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003).

IT IS SO ORDERED.

Dated: June 29, 2011

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California