UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY A. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>ANTHONY HEDGPETH,<br><br>Defendant. | Case No. 09-cv-04831-EMC<br><br>**ORDER DISMISSING CLAIM 1 AND SETTING BRIEFING SCHEDULE**<br><br>Docket No. 27 |

## I.   INTRODUCTION

This *pro se* action for writ of habeas corpus is now before the Court for consideration of Respondent's unopposed motion to dismiss Claim 1 as procedurally defaulted. For the reasons discussed below, the Court grants the motion to dismiss. Claim 1 will be dismissed, and a briefing schedule will be set for the remaining claims.

## II.   BACKGROUND

In 2006, Mr. Mitchell was convicted in Alameda County Superior Court of six counts of carjacking, two counts of second degree robbery, three counts of unlawful possession of a firearm by a felon, one count of kidnapping in the commission of a carjacking, one count of assault with a semiautomatic firearm, and one count of reckless driving while fleeing from a peace officer. He was sentenced in 2006 to 62 years to life in state prison.

Mr. Mitchell appealed and concurrently filed a habeas petition in the California Court of Appeal. The California Court of Appeal dismissed one of the carjacking counts, but otherwise affirmed the conviction and denied the habeas petition on July 29, 2008. *See* Docket No. 10-1 at 50. Mr. Mitchell filed a petition for review in the California Supreme Court raising the claims that had been presented in both his direct appeal and his habeas petition to the California Court of

Appeal. The California Supreme Court denied Mr. Mitchell's petition for review on October 22, 2008. *See* Docket # 10-1 at 11.

Mr. Mitchell then filed this federal habeas action on October 9, 2009. His federal petition alleges four claims: (1) trial counsel provided ineffective assistance of counsel in that she (a) failed to investigate and present an alibi defense, (b) failed to request a DNA expert, (c) failed to move for a time waiver so that pretrial investigation could be done, (d) failed to seek relief for alleged prosecutorial misconduct with regard to investigator Nelson, (e) conceded the client's guilt as to some charges in her closing argument, (f) failed to object to the sentence imposed, and (g) had a conflict based on her refusal to meet with her client; (2) his right to due process was violated because the evidence was insufficient to support the conviction on count 4 (kidnapping); (3) his right to due process was violated because the evidence was insufficient to support the conviction on count 13 (carjacking); and (4) the denial of his several *Marsden* motions denied him his rights to due process and to the assistance of counsel.

On May 4, 2011, the Court granted Respondent's motion to dismiss, determining that Claim 1, the ineffective assistance of counsel claim, was unexhausted in its entirety. Claim 1, which had seven subparts, was unexhausted because four of the subparts had never been presented to the California Supreme Court and the other three subparts had not been presented as claims for violations of Mr. Mitchell's Sixth Amendment right to effective assistance of counsel. *See* Docket No. 18. The Court allowed Mr. Mitchell to choose how he wanted to proceed in light of the unexhausted claim. *Id.* Mr. Mitchell sought and obtained a stay under *Rhines v. Weber*, 544 U.S. 269 (2005), to return to state court to exhaust his unexhausted claim. *See* Docket # 23. The June 29, 2011 order granting the stay directed Mr. Mitchell to "act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded. *See* [*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)]; *Kelly v. Small*, 315 F.3d 1063, 1071 (9th Cir. 2003)." *Id.*

Two years later, Mr. Mitchell --with the assistance of counsel -- returned to state court. Mr. Mitchell filed a habeas petition in Alameda County Superior Court on June 5, 2013, raising his ineffective assistance of counsel claim, with its seven subparts. The superior court denied the

petition on March 20, 2014.  *See* Docket No. 27-2 at 8-10.  Mr. Mitchell then filed a habeas petition in the California Court of Appeal on May 7, 2014, which was summarily denied on May 15, 2014.  *See* Docket No. 27-3 at 2.  Mr. Mitchell then filed a habeas petition in the California Supreme Court on June 6, 2014, which was denied on November 25, 2014.  The California Supreme Court's order stated, in full:  "The petition for writ of habeas corpus is denied.  (*See In re Robbins* (1998) 18 Cal. 4th 770, 780; *In re Clark* (1993) 5 Cal. 4th 750, 767-769.)"  Docket No. 27-4 at 2.

Mr. Mitchell then returned to federal court.  The court lifted the stay and set a briefing schedule for the petition.  Respondent has filed an unopposed motion to dismiss Claim 1, the ineffective assistance of counsel claim with its seven subparts, because it is procedurally barred due to the California Supreme Court's rejection of the petition in an order citing *Robbins* and *Clark*.

### III. DISCUSSION

A federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  "The doctrine applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement.  In these cases, the state judgment rests on independent and adequate state procedural grounds."  *Id.* at 729-30.  A "discretionary state procedural rule can serve as an adequate ground to bar federal habeas review."  *Beard v. Kindler*, 558 U.S. 53, 60 (2009).  A state procedural bar is "independent" if the state court explicitly invokes the procedural rule as a separate basis for its decision and the application of the state procedural rule does not depend on a consideration of federal law.  *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir. 2003).  An "adequate" state rule must be "firmly established and regularly followed."  *Walker v. Martin*, 562 U.S. 307, 316 (2011).  The state bears the burden of proving the adequacy of a state procedural bar.  *Bennett v. Mueller*, 322 F.3d 573, 585-86 (9th Cir. 2003).

1  Here, the California Supreme Court's citations to *Robbins* and to *Clark* indicate two
2  different procedural reasons for the rejection of the petition. A denial without explanation other
3  than a citation to *Robbins,* 18 Cal. 4th at 780, the page on which the California Supreme Court
4  discusses the analytic framework for timeliness determinations, is a denial for untimeliness.
5  *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007). By citing *Robbins*, the California Supreme
6  Court ruled that Mr. Mitchell's 2014 habeas petition challenging his 2006 conviction was
7  untimely. The Supreme Court and Ninth Circuit have determined that a citation to *Robbins* on the
8  basis of untimeliness is an independent and adequate state procedural ground. *See Walker*, 562
9  U.S. at 321 (holding that California's timeliness rule is adequate); *Bennett v. Mueller*, 322 F.3d
10 573, 582-83 (9th Cir. 2003) (recognizing that California's timeliness rule is independent of federal
11 law). Respondent has sufficiently demonstrated that, as a result of the California Supreme Court's
12 rejection of the habeas petition with a citation to *Robbins*, Mr. Mitchell's Claim 1 is procedurally
13 defaulted.

The second case cited by the California Supreme Court in denying Mr. Mitchell's petition, *Clark*, 5 Cal. 4th at 767-69, represents a rejection of the state habeas petition as successive (i.e., repetitious presentation of the same claim) or an abuse of the writ (i.e., piecemeal presentation of claims).[1] In *Clark*, the California Supreme Court stated: "It has long been the rule that absent a change in the applicable law or the facts, the court will not consider repeated applications for habeas corpus presenting claims previously rejected. The court has also refused to consider newly presented grounds for relief which were known to the petitioner at the time of a prior collateral attack on the judgment." *Clark*, 5 Cal. 4th at 767-68 (internal citations omitted).[2] Here, the rule

---

[1] A successive petition raises "previously rejected claims," and an abuse of the writ occurs when a later petition asserts "claims that could have been raised in an earlier action." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). A petition that contains an abuse of the writ sometimes is called an abusive petition.

[2] *Clark* discusses several procedural rules for habeas petitions, so it is necessary to consider the specific pages cited in the California Supreme Court's order to determine which of the rules from *Clark* was applied. For example, at page 761, *Clark* discusses the requirement that the petitioner explain and justify any significant delay in seeking habeas relief, and, at page 765, *Clark* discusses the rule against raising issues on habeas if they could have been raised on direct appeal.

4

prohibiting the abuse of the writ would be the portion of the *Clark* rule that applies because the Sixth Amendment ineffective assistance of counsel claim had not been presented to the California Supreme Court until 2014, eight years after the trial, and had not been included in the petition for review seeking review of the denial of Mr. Mitchell's habeas petition in 2008.

Unlike the *Robbins* rule, there is no binding precedent determining that the *Clark* bar on abusive petitions is independent and adequate. This Court thus must consider whether the *Clark* successive/abusive petition bar is independent and adequate. The independence of the bar is readily apparent. The *Clark* bar is independent because the California Supreme Court "explicitly invoke[d] the procedural rule as a separate basis for its decision," *Vang*, 329 F.3d at 1074, and the application of the bar did not "depend[] on a consideration of federal law," *id.,* because federal law plays no role in determining whether a new habeas petition has been filed after an earlier petition that did not include that claim has been denied. *See generally Clark*, 5 Cal. 4th at 767-69 (describing successive/abusive petition rule without any indication of a federal law role in the determination of whether a petition is successive); *see also Bennett*, 322 F.3d at 581 (rule that is not "interwoven with federal law" is an independent state procedural ground").

With regard to whether the *Clark* bar on abusive petitions is adequate, the court adheres to the specific analytic framework described in *Bennett*, 322 F.3d at 585-86.

> Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's.

*Id.* at 586. Here, Respondent satisfied his initial burden by identifying Mr. Mitchell's 2014 petition to the California Supreme Court, noting the rejection of that 2014 petition by the California Supreme Court with a citation to *Clark* (as well as *Robbins*), and pleading that the *Clark* bar is "an independent and adequate state procedural ground," *Bennett*, 322 F.3d at 586. The "burden to place that defense in issue" then "shift[ed] to the petitioner," *id.*, but Mr. Mitchell did not meet it because he filed no opposition to the motion to dismiss and nothing in his petition

1  puts the *Clark* bar's adequacy in issue. Respondent has cited several cases in which other courts
2  have concluded that the *Clark* bar was adequate. *See, e.g., Rutledge v. Katavich*, 2012 WL
3  2054975, at *6-7 (N.D. Cal. 2012) (dismissing claim as procedurally due to California Supreme
4  Court's rejection of petition in 2011 with citation to *Clark;* after respondent pled the *Clark* bar on
5  successive/abusive petitions, and petitioner did not make any showing in response, "California's
6  procedural bar against successive petitions will be imposed against petitioner's instant claims
7  alleging ineffective assistance of counsel," absent petitioner showing cause and prejudice or a
8  miscarriage of justice); *Arroyo v. Curry*, 2009 WL 723877, at *6 (N.D. Cal. 2009) (finding "that
9  Respondent has satisfactorily established that California's procedural bar against successive
10 petitions as applied in practice was an adequate state ground for rejecting Petitioner's second
11 habeas petition" in 2006). This Court concludes that respondent has satisfied his burden to show
12 that the *Clark* rule against successive/abusive petitions is adequate. *See generally Carter v.*
13 *Giurbino*, 385 F.3d 1194, 1198 (9th Cir. 2004) (finding that state met its burden with regard to
14 *Lindley* rule (i.e., that insufficiency of evidence claims had to be brought on direct appeal rather
15 than habeas) where petitioner did "not argue or come forward with any evidence that the *Lindley*
16 rule is not firmly established and regularly followed by the California courts."); *Lee v. Jacquez*,
17 788 F.3d 1124, 1132 (9th Cir. 2015) ("In every case where the state has been permitted to use the
18 *Dixon* bar [i.e., rule that state court will not consider habeas claims that should have been raised on
19 direct appeal but were omitted] as an affirmative defense, the petitioner failed to place the
20 adequacy of the bar at issue as required by *Bennett's* second step.").

21 The California Supreme Court's rejection of Mr. Mitchell's habeas petition in 2014 as
22 untimely, *see Robbins*, 18 Cal. 4th at 780, and as an abuse of the writ, *see Clark*, 5 Cal. 4th at 767-
23 69, imposed state procedural rules that are independent of federal law and adequate to bar
24 consideration on federal habeas of the ineffective assistance of counsel claim raised in that
25 petition.

26 In cases in which the state court decision is based on an independent and adequate state
27 procedural rule, federal habeas review of the claims is barred unless the petitioner can demonstrate
28 cause for the default and actual prejudice as a result of the alleged violation of federal law, or

6

demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 750.  Mr. Mitchell has not established cause or prejudice, or shown that the failure to consider the ineffective assistance of counsel claim will result in a fundamental miscarriage of justice.  Claim 1, the ineffective assistance of counsel claim, therefore is procedurally barred and is now dismissed.

## IV.   CONCLUSION

Respondent's motion to dismiss Claim 1 is **GRANTED**.  Docket No. 27.  Claim 1 is dismissed from this action.  Having dismissed Claim 1, it is now time for the parties to brief the merits of Claims 2, 3, and 4 in the petition.  The Court now sets the following new briefing schedule:  No later than **December 18, 2015**, Respondent must file and serve his answer to the petition.  No later than **January 15, 2016**, Mr. Mitchell must file and serve his traverse.

**IT IS SO ORDERED**.

Dated: November 17, 2015

_____
EDWARD M. CHEN
United States District Judge